et al, appeal number 18-2284. And we're going to begin first with Mr. Richards. Your Honor, in this circumstance I'll be brief, and for reasons which I think will be fairly obvious. By prior order, Your Honor's limited this appeal only to the denial of the motion to reconsider, and not to the denial of the motion for summary judgment. As we pointed out at the time of the initial briefing, we believe there's a split of authority as to whether there was a tolling of the notice of appeal period or not. And this Court has previously, or at least one panel of this Court, has decided that there is no tolling in this circumstance, and we don't think that case would be distinguishable. However, there is variant authority, both from the Sixth Circuit and, as the appellees point out, from the D.C. Circuit, cases holding that, in fact, the statutory 30-day period for filing a notice of appeal is, in fact, jurisdictional. However, all of the rules regarding either Rule 50 or 59E or 60, motions to reconsider or to attack the judgment in some way, those are claim processing rules, which may be waived or forfeited in terms of whether a notice of appeal would eventually be held to be timely judgment. Now, I think the only—we would urge that if the Court holds to its prior ruling, we would only ask that the opinion be circulated for possible en banc reconsideration, as is generally done where the Court acknowledges that there's a split of authority. It's not absolute rule, but that is something that the Court could do. Obviously, that would not preclude us from moving for petition for rehearing en banc or further relief, but that is one suggestion which we would make earnestly to the Court. The only substantive argument I think I need to consider is the—appellees make an argument that the Sixth and the D.C. Circuit Court cases are distinguishable. And particularly as to the case of Alexander, what they say is the reason it was distinguishable is that, in fact, there was a 59E motion which was filed after an extension, which under their or your Honor's reading would not be a legal extension. Let me just go over the dates in that case, because I think they're important. In that particular case in Alexander, the original opinion was filed on November 23rd. We obviously don't care about the year at this point, but just the months. Within 10 days, the State filed an unopposed motion for extension of time, as we filed an unopposed motion for extension of time. The Court granted the extension until December 10th, 2005, and then they finally filed on December 14th, 2005, which was actually beyond the date they had gotten the extension to and certainly beyond—and certainly more than 10 days, which was the applicable time period then from November 23rd. Eventually, there was a ruling on January 6th of the next year, and the way the Court characterized the issue is, if it was timely—oh, and the notice of appeal, by the way, was then filed, I think, March 3rd. So that was 60 days from January 6th, which is the period they had. But March 3rd was obviously long past 60 days from November 23rd. So what the Court said is there's two choices here. The choice is either if it's jurisdictional, they lose because the clock had expired. If it's non-jurisdictional, they don't lose. Now, the Apley's argument is that, after all, they did file their 59E motion within 60 days, but that wasn't the applicable time period. The applicable time period was 10 days, which, under the reading of the rules, is not extendable. So if the Apley's argument was correct, Alexander was wrong, we decided. And the same is true for the remaining cases. Now, I will note that there is a question, and maybe this is a factual question, maybe even a question for determination by the District Court, as to whether there was a waiver or forfeiture in the District Court. There was no objection to the initial motion to extend. That's clear. Once the motion to reconsider had been filed, in one sentence, the defendants did say that they thought it was untimely under Rule 28. But for whatever reason, the Court did not address that argument. The Court just said, denied, has no merit, stand by my initial decision, et cetera. So for whatever reason, the Court did not consider that argument, and for that matter, the Apley's never moved to reconsideration of that ruling and asked the Court to clarify and to hold that the motion was, in fact, untimely. As I say, I think this is an issue on which there's a split. In this circuit, I'm on the wrong side of the split, but we do seek the opportunity to take this case further, and we believe there's a genuine split. Thank you. Thank you. You may reserve the remainder of your time for rebuttal. We'll next hear from Mr. Enriquez on behalf of the Apley. May it please the Court, this Court's September 28, 2018, order in this appeal ruled that the appeal is limited to review of the District Court's order denying CESA's motion to reconsider the summary judgment order. The District Court acted within its discretion in denying the motion to reconsider, so I'll focus my attention on the order denying the motion for reconsider, respecting this Court's September 28, 2018, order, limiting the appeal to that order. In its summary judgment order, the Court had concluded that CESA's asserted claims were time-barred because he brought this action seven and a half years after the claim accrued long after the two-year statute of limitations applicable to 1983 claims in Illinois. In reaching that conclusion, the Court addressed CESA's contention that the accrual of the claims should be told under Illinois's fraudulent concealment statute because, he asserted, the police officers fraudulently concealed their arrest report from him for several years before he received it, and because the account in the arrest report of their encounter with the concerned citizen fraudulently concealed his claims until he saw the officers testify at the suppression motion in his criminal case, which prompted him to believe that they had concocted the story about the concerned citizen. The Court rejected the fraudulent concealment argument because CESA failed to adduce evidence that the arrest report was concealed from him, and he also rejected it because the plaintiffs failed to adduce evidence inconsistent with the officers' account regarding the concerned citizen. In his motion to reconsider, CESA simply reiterated his position that the officers concocted their account regarding the concerned citizen. He did not even address the district court's ruling in its summary judgment motion that he failed to adduce any evidence concerning fraudulent concealment. He thereby waived any challenge to those rulings, and in any event, the rulings were correct. It's patently obvious from looking at the summary judgment materials that he did not submit any evidence inconsistent, supporting his contention about fraudulent concealment. Thus, the Court acted within its discretion, denying the motion to reconsider. Unless the Court has any other questions, and I haven't addressed the jurisdictional point, I'll rest on our briefs for that argument concerning jurisdiction. Thank you very much. Thank you, Mr. Enriquez. We'll now move back to appellant. Mr. Richards, anything further? No, Your Honor, nothing further based on that. Thank you to both counsel for your arguments. The case will be taken under submission.